UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:26-CV-61288

MARINA XU,

      Plaintiff,

    v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

      Defendant.

## DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF MARINA XU'S COMPLAINT

Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

("Prudential" or "Defendant"), by and through its attorneys, hereby submits its

Answer and Affirmative and Additional Defenses to Plaintiff MARINA XU's

("Plaintiff") Complaint, and states as follows:

### JURISDICTION, VENUE AND PARTIES

### COMPLAINT ¶1:

This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. XU brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

325878647v.2

**ANSWER:**

Prudential admits that Plaintiff purports to bring this lawsuit under the Employee Retirement Income Security Act ("ERISA") to recover long term disability ("LTD") benefits allegedly due to her under the terms and conditions of an employee welfare plan, the Goldman Sachs & Co. LLC Long Term Disability ("LTD") plan (the "plan"), governed by ERISA, and to clarify her rights under the terms of the plan. Prudential admits that it insures certain disability benefits under the plan, and that it provides certain administrative services for disability claims under the plan. Prudential denies the remaining allegations in Complaint Paragraph No. 1, including, but not limited to, Plaintiff's assertion that it breached the plan or violated ERISA or is otherwise liable to Plaintiff. Prudential further expressly denies that Plaintiff is entitled to any recovery whatsoever.

**COMPLAINT ¶2:**

XU was, at all times relevant, a citizen of the United States of America and in all respects sui juris.

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff believes to be "all times relevant." On information and belief, Prudential admits the allegations on Complaint Paragraph No. 2.

325878647v.2

**COMPLAINT ¶3:**

PRUDENTIAL is a corporation with its principal place of business in the State of New Jersey, is authorized to transact, and is transacting, business in the Southern District of Florida.

**ANSWER:**

Prudential admits that it is a corporation with its principal place of business in New Jersey and that it is authorized to transact and is transacting business in the Southern District of Florida. Prudential denies any remaining allegations in Complaint Paragraph No. 3.

**COMPLAINT ¶4:**

Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, PRUDENTIAL, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

**ANSWER:**

Prudential denies that venue is proper in the Southern District of Florida but does not contest venue in this matter. Prudential denies the remaining allegations in Complaint Paragraph No. 4.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶5:**

This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to XU.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 5.

3

**COMPLAINT ¶6:**

XU, at all times material, was an employee of or former employee of Goldman Sachs & Co. LLC.

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff believes to be "all times relevant." Prudential admits that, at certain times, Plaintiff was an employee of Goldman Sachs & Co. LLC ("Goldman Sachs"). Prudential denies the remaining allegations in Complaint Paragraph No. 6.

**COMPLAINT ¶7:**

By way of her employment, XU was at all times material a plan participant under the Goldman Sachs & Co. LLC Long Term Disability Plan, Group Contract Number G-44048-NY (the "LTD Plan"), which is a Long Term Disability Insurance Plan issued by PRUDENTIAL of which Goldman Sachs & Co. LLC was the Contract Holder, Plan Sponsor, and Plan Administrator. It is pursuant LTD Plan G-44048-NY to which XU is entitled to benefits. A copy of LTD Plan G-44048-NY as provided by PRUDENTIAL to XU has been attached hereto as Exhibit "A."

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff believes to be "all times material." Prudential admits that, at certain times, Plaintiff was eligible to participate in the plan through her employment with Goldman Sachs. Prudential further admits that it insures certain LTD benefits under the plan pursuant to Group Contract No. G-44048-NY between Prudential and Goldman Sachs. Prudential admits that Plaintiff's Exhibit A is the Goldman Sachs & Co. LLC Class 2 Employees Long Term Disability Program Booklet-

4

Certificate and Rider. Prudential denies the remaining allegations in Complaint Paragraph No. 7, and specifically denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶8:**

The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

**ANSWER:**

Prudential admits the allegations in Complaint Paragraph No. 8.

**COMPLAINT ¶9:**

PRUDENTIAL is the insurer of benefits under the LTD Plan and is the claims administrator and the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

**ANSWER:**

Prudential admits that it insures certain LTD benefits under the plan and that it provides certain administrative services for disability claims under the plan, including determining claims for benefits and appeals of claim determinations. Prudential denies the remaining allegations in Complaint Paragraph No. 9.

**COMPLAINT ¶10:**

As the decision maker and payer of plan benefits, PRUDENTIAL administered the claim with a conflict of interest and the bias this created affected the claim's determination. As such, PRUDENTIAL is not entitled to a deferential standard of review.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 10.

325878647v.2

## COMPLAINT ¶11:

PRUDENTIAL is the fiduciary charged with making benefit determinations under the LTD Plan including the determinations made on XU's claim at issue.

## ANSWER:

Prudential admits that it provides certain administrative services for

disability claims under the plan, including determining claims for benefits and

appeals of claim determinations. Prudential further admits that it made the benefit

determination on Plaintiff's current claim for LTD benefits (Claim No. 13382074)

under the plan. Prudential denies the remaining allegations in Complaint Paragraph

No. 11.

## COMPLAINT ¶12:

Pursuant to the terms and conditions of the LTD Plan, XU is entitled to LTD benefits for the duration of her disability, or until age 67, so long as she remains disabled as required under the terms of the LTD Plan.

## ANSWER:

Prudential denies the allegations in Complaint Paragraph No. 12.

## COMPLAINT ¶13:

According to the LTD Plan, disability is defined as follows:

**How Does Prudential Define Disability?**

You are disabled when Prudential determines that due to your *sickness* or *injury*:

- you are unable to perform the *material and substantial duties* of your *regular occupation,* or you have a 20% or more loss in your *monthly earnings*; and

- you are under the *regular care* of a *doctor*.

After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:

- you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience; and

- you are under the regular care of a doctor.

6

**ANSWER:**

The allegations in Complaint Paragraph No. 13 purport to recite the contents of written documents, the plan, which speak for themselves and are the best evidence of their terms. To the extent that these allegations are inconsistent with or mischaracterize these documents, they are denied. Prudential denies any remaining allegations in Complaint Paragraph No. 13.

**COMPLAINT ¶14:**

At all relevant times, XU complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff believes to be "all relevant times." Prudential admits that Plaintiff has exhausted the administrative remedies under the plan as to her claim for LTD benefits under the plan. Prudential denies the remaining allegations in Complaint Paragraph No. 14, and expressly denies that Plaintiff satisfied the conditions precedent to any right to LTD benefits, specifically failing to establish to Prudential's satisfaction that she met the plan's definition of disability, and failing to show she had impairment that prevented her from performing the material and substantial duties of her regular occupation as defined by the plan.

**COMPLAINT ¶15:**

Since approximately July 26, 2023, XU has been disabled under the terms of the LTD Plan.

325878647v.2

**<u>ANSWER:</u>**

Prudential denies the allegations in Complaint Paragraph No. 15.

**<u>COMPLAINT ¶16:</u>**

Since on or about July 26, 2023, XU has been unable to perform the material and substantial duties of her regular occupation due to sickness or injury.

**<u>ANSWER:</u>**

Prudential denies the allegations in Complaint Paragraph No. 16.

**<u>COMPLAINT ¶17:</u>**

Since on or about July 26, 2023, XU has had a 20% or more loss in her indexed monthly earnings due to that sickness or injury.

**<u>ANSWER:</u>**

Prudential denies the allegations in Complaint Paragraph No. 17.

**<u>COMPLAINT ¶18:</u>**

Since on or about July 26, 2023, due to sickness or injury, XU has been unable to perform the duties of any gainful occupation for which she is reasonably fitted by education, training or experience.

**<u>ANSWER:</u>**

Prudential denies the allegations in Complaint Paragraph No. 18.

**<u>COMPLAINT ¶19:</u>**

At all relevant times, XU has been under the regular care of a doctor.

**<u>ANSWER:</u>**

Prudential lacks knowledge or information sufficient to form a belief as to

what Plaintiff believes to be "all relevant times" or "regular care." Prudential

admits that, at certain times, Plaintiff has sought advice or treatment from a

physician. Prudential denies the remaining allegations in Complaint Paragraph No.

19, and expressly denies that Plaintiff is disabled under the plan.

**COMPLAINT ¶20:**

At all relevant times, XU was a Covered Person under the LTD Plan.

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief as to

what Plaintiff believes to be "all relevant times." Prudential admits that, at certain

times, Plaintiff was a participant in the plan. Prudential denies the remaining

allegations in Complaint Paragraph No. 20.

**COMPLAINT ¶21:**

Shortly after becoming disabled, XU made a claim to PRUDENTIAL under
the LTD Plan for disability benefits but LTD have never been paid.

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief as to

what Plaintiff believes to be "[s]hortly after." Prudential admits that Plaintiff

submitted a claim for LTD benefits under the plan. Prudential denies the remaining

allegations in Complaint Paragraph No. 21, and specifically denies that Plaintiff is

disabled under the terms of the plan.

**COMPLAINT ¶22:**

By letter dated October 25 2023, PRUDENTIAL denied XU's claim for any
and all LTD benefits, contending requested information was not received and that
there was insufficient information to assess XU's functional capacity.

325878647v.2

**ANSWER:**

Prudential admits that, by letter dated October 25 2023, it denied Plaintiff's claim for LTD benefits under the plan. The allegations in Complaint Paragraph No. 22 regarding the October 25, 2023, letter purport to characterize the contents of a written document, the October 25 2023, letter, which speaks for itself and is the best evidence of its terms. To the extent these allegations are inconsistent with or mischaracterize the document, they are denied. Prudential denies the remaining allegations in Complaint Paragraph No. 22.

**COMPLAINT ¶23:**

Following receipt of this denial letter, XU submitted additional documentation in support of her claim.

**ANSWER:**

Prudential admits that following Prudential's determination, Plaintiff submitted additional documentation in support of her claim. Prudential denies the remaining allegations in Complaint Paragraph No. 23.

**COMPLAINT ¶24:**

By letter dated February 2, 2024, PRUDENTIAL informed XU that it was upholding its decision to deny her claim for any and all LTD benefits, contending that XU' medical condition would not prevent her from performing he regular occupation.

**ANSWER:**

Prudential admits that, by letter dated February 2, 2024, it upheld its denial of Plaintiff's claim for LTD benefits under the plan. The allegations in Complaint

325878647v.2

Paragraph No. 24 regarding the February 2, 2024, letter purport to characterize the contents of a written document, the February 2, 2024, letter, which speaks for itself and is the best evidence of its terms. To the extent these allegations are inconsistent with or mischaracterize the document, they are denied. Prudential denies the remaining allegations in Complaint Paragraph No. 24.

### COMPLAINT ¶25:

XU timely and properly submitted an appeal of PRUDENTIAL's February 2, 2024 denial letter.

### ANSWER:

Prudential admits that Plaintiff timely appealed Prudential's February 2, 2024 decision. Prudential denies the remaining allegations in Complaint Paragraph No. 25.

### COMPLAINT ¶26:

By letter dated September 25, 2024, PRUDENTIAL affirmed its previous decisions to deny XU's claim for LTD benefits, again contending that the information on file did not support physical, psychological or cognitive impairment that would prevent XU from performing the material and substantial duties of her regular occupation.

### ANSWER:

Prudential admits that, by letter dated September 25, 2024, it upheld its decision to deny Plaintiff's claim for LTD benefits under the plan. The allegations in Complaint Paragraph No. 24 regarding the September 25, 2024 letter purport to characterize the contents of a written document, the September 25, 2024 letter,

11

325878647v.2

which speaks for itself and is the best evidence of its terms. To the extent these

allegations are inconsistent with or mischaracterize the document, they are denied.

Prudential denies the remaining allegations in Complaint Paragraph No. 26.

## COMPLAINT ¶27:

XU timely and properly submitted an appeal of PRUDENTIAL's September 25, 2024 denial letter.

## ANSWER:

Prudential admits that Plaintiff timely appealed Prudential's September 25,

2024 decision. Prudential denies the remaining allegations in Complaint Paragraph

No. 27.

## COMPLAINT ¶28:

By letter dated May 2, 2025, PRUDENTIAL affirmed its previous decisions to deny XU's claim for LTD benefits and advised XU that its decision was final and could not be appealed further to PRUDENTIAL.

## ANSWER:

Prudential admits that, by letter dated May 2, 2025, it upheld its decision to

deny Plaintiff's claim for LTD benefits under the plan. The allegations in

Complaint Paragraph No. 28 regarding the May 2, 2025 letter purport to

characterize the contents of a written document, the May 2, 2025 letter, which

speaks for itself and is the best evidence of its terms. To the extent these

allegations are inconsistent with or mischaracterize the document, they are denied.

Prudential denies the remaining allegations in Complaint Paragraph No. 28.

**COMPLAINT ¶29:**

XU has never received benefits owed to her under the LTD Plan despite XU's right to these benefits.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 29.

**COMPLAINT ¶30:**

PRUDENTIAL has always refused to pay XU's claim for LTD benefits.

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff believes to be "always." Prudential admits that, by letter dated May 2, 2025, it upheld its denial of Plaintiff's claim for LTD benefits under the plan. Prudential denies the remaining allegations in Complaint Paragraph No. 30.

**COMPLAINT ¶31:**

At all relevant times, PRUDENTIAL was the payer of benefits.

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff believes to be "all relevant times." Prudential admits that it insures certain LTD benefits under the plan. Prudential denies the allegations in Complaint Paragraph No. 31.

325878647v.2

**COMPLAINT ¶32:**

At all relevant times, PRUDENTIAL was the "Insurance Company" identified throughout the LTD Plan.

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff believes to be "all relevant times." The remaining allegations in Complaint Paragraph No. 32 purport to recite the contents of written documents, the plan, which speak for themselves and are the best evidence of their terms. To the extent that these allegations are inconsistent with or mischaracterize these documents, they are denied.

**COMPLAINT ¶33:**

At all relevant times, PRUDENTIAL was the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff believes to be "all relevant times." Prudential admits that it provides certain administrative services for the plan, including determining claims for benefits and appeals of claim determinations. Prudential denies the remaining allegations in Complaint Paragraph No. 33.

**COMPLAINT ¶34:**

At all relevant times, XU has been and remains Disabled and entitled to LTD benefits from PRUDENTIAL under the terms of the LTD Plan.

325878647v.2

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 34.

**COMPLAINT ¶35:**

XU has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 35.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

**COMPLAINT ¶36:**

XU incorporates Paragraphs 1 through 35 as if fully set forth herein.

**ANSWER:**

Prudential repeats and realleges its responses to the allegations set forth in the foregoing paragraphs and incorporates the same as if fully set forth herein.

**COMPLAINT ¶37:**

This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B).

**ANSWER:**

Prudential admits that Plaintiff purports to bring this action to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B). Prudential denies the remaining allegations in Complaint Paragraph No. 37, including, but not limited to, any assertion that Prudential has

15

violated the plan or ERISA or is otherwise liable to Plaintiff. Prudential further expressly denies that Plaintiff is entitled to any recovery whatsoever.

## COMPLAINT ¶38:

Pursuant to 29 U.S.C. §1132(a)(1)(B), XU, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

## ANSWER:

Prudential admits that Plaintiff purports to bring this action  under 29 U.S.C. §1132(a)(1)(B). Prudential denies the remaining allegations in Complaint Paragraph No. 38, and specifically denies that Plaintiff is entitled to any recovery whatsoever.

## COMPLAINT ¶39:

XU has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of PRUDENTIAL's failure to pay her claim for disability benefits.

## ANSWER:

Prudential denies the allegations in Complaint Paragraph No. 39, and specifically denies that Plaintiff is entitled to any benefits under the plan.

## COMPLAINT ¶40:

XU has exhausted all required administrative remedies under the LTD Plan.

## ANSWER:

Prudential admits that Plaintiff has exhausted administrative remedies under the plan as to her claim for LTD benefits under the plan. Prudential denies the remaining allegations in Complaint Paragraph No. 40.

16

325878647v.2

**COMPLAINT ¶41:**

Defendant breached the LTD Plan and violated ERISA in the following respects:

(a)     Failing to pay LTD benefit payments to XU at a time when PRUDENTIAL knew, or should have known, that XU was entitled to those benefits under the terms of the LTD Plan, as XU was disabled and unable to work and therefore entitled to benefits.

(b)     Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of XU's claim for LTD benefits;

(c)     After XU's claim was terminated in whole or in part, PRUDENTIAL failed to adequately describe to XU any additional material or information necessary for XU to perfect her claim along with an explanation of why such material is or was necessary.

(d)     PRUDENTIAL failed to properly and adequately investigate the merits of XU's disability claim and failed to provide a full and XU review of XU's claim.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 41.

**COMPLAINT ¶42:**

XU believes, and thereon alleges, that PRUDENTIAL wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which XU is presently unaware, but which may be discovered in this future litigation and which XU will immediately make PRUDENTIAL aware of once said acts or omissions are discovered by XU.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 42.

17

**COMPLAINT ¶43:**

Following the termination of benefits under the LTD Plan, XU exhausted all administrative remedies required under ERISA, and XU has performed all duties and obligations on her part to be performed under the LTD Plan.

**ANSWER:**

Prudential admits that Plaintiff has exhausted administrative remedies under

the plan as to her claim for LTD benefits under the plan. Prudential denies the

remaining allegations in Complaint Paragraph No. 43, and specifically denies that

Plaintiff has submitted satisfactory evidence of disability under the plan.

**COMPLAINT ¶44:**

As a proximate result of the aforementioned wrongful conduct of PRUDENTIAL, XU has damages for loss of disability benefits in a total sum to be shown at the time of trial.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 44.

**COMPLAINT ¶45:**

As a further direct and proximate result of this improper determination regarding XU's claim for benefits, XU, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), XU is entitled to have such fees and costs paid by PRUDENTIAL.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 45.

**COMPLAINT ¶46:**

The wrongful conduct of PRUDENTIAL has created uncertainty where none should exist, therefore, XU is entitled to enforce her rights under the terms of the

18

LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 46.

**REQUEST FOR RELIEF**

WHEREFORE, MARINA XU prays for relief against THE PRUDENTIAL INSURANCE COMPANY OF AMERICA as follows:

1.  Payment of disability benefits due Plaintiff;

2.  An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3.  In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.  Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.  Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6.  Such other and further relief as this Court deems just and proper.

**ANSWER:**

The above paragraph constitutes Plaintiff's demand for judgment and prayer for relief to which no response is required. To the extent a response is required, Prudential denies the allegations contained therein and denies that Plaintiff is entitled to any judgment or relief whatsoever.

19

325878647v.2

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without prejudice to its denials and other statements of its pleadings, Prudential alleges the following affirmative and additional defenses:

1.   The decision to deny Plaintiff's claim for LTD benefits should be reviewed under the abuse of discretion/arbitrary and capricious standard.

2.   The Court's review should be limited to examination of the administrative record created during the processing of Plaintiff's claims under the plan.

3.   Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted as a matter of fact and law.

4.   Any benefits due under the plan are subject to offset, integration, or other deductions or adjustments in accordance with the plan's terms.

5.   There is no vesting of benefits under the plan, and thus Plaintiff may not recover the LTD benefits for any future period of disability, but rather must provide periodic proof of any alleged continuing disability.

6.   Plaintiff seeks benefits that are not provided under the plan.

7.   Plaintiff's claim is barred by the terms, conditions, limitations, and exclusions contained in the plan.

8.   Venue is not convenient to the location of the parties and witnesses in the United States District Court for the Southern District of Florida.

20

325878647v.2

9.      Venue is not appropriate in the United States District Court for the Southern District of Florida.

Prudential is continuing to investigate Plaintiff's allegations and reserves the right to amend its Answer and Defenses.

WHEREFORE, Defendant, The Prudential Insurance Company of America, respectfully requests that the Court deny the relief sought by Plaintiff, dismiss the action with prejudice and enter judgment on Defendant's behalf, and award Defendant any other such relief as the Court deems just and proper.


DATED:  June 23, 2026                    Respectfully submitted,

                                         QUINTAIROS, PRIETO, WOOD &
                                         BOYER, PA


                                         By:  /s/ Hector R. Rivera
                                             Hector R. Rivera
                                             Florida Bar No.:  882453
                                             9300 S. Dadeland Blvd., 4th Floor
                                             Miami, FL 33130
                                             Telephone: 305-670-1101
                                             E-mail: hrivera@qpwblaw.com

                                             Attorneys for Defendant
                                             THE PRUDENTIAL INSURANCE
                                             COMPANY OF AMERICA

325878647v.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 23, 2026, I presented the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Gregory Michael Dell
Alexander Arthur Palamara
Dell & Schaefer
2404 Hollywood Boulevard
Hollywood, FL 33020
gdell@dnslaw.com
alex@diattorney.com

*/s/ Hector R. Rivera*
Hector R. Rivera

22